Dear Mr. Speed:
You have requested our opinion as to which of two governing bodies is required to make provisions for a "name change" of a private roadway. You ask whether the Tangipahoa Parish 911 Board of Commissioners or the Tangipahoa Parish Council-President Government is required to take such action.
You advise that a group of citizens is arguing over the name of a private servitude of passage and has asked both of the above entities to change the name of the private roadway. You further state that both entities have taken the position that the other entity is required to take the first action.
Based on the information you have given us, we have found that the Tangipahoa Parish 911 Communications District is a political subdivision created by the Tangipahoa Parish Council-President Government under the authority of La. R.S. 33:9101 which reads:
 The governing authority of any parish may by ordinance create communications districts composed of any part of all of the territory lying wholly within the parish. Such districts shall be political and legal subdivisions of the state, with power to sue and be sued in their corporate names and to incur debt and issue bonds.
The Tangipahoa Parish 911 Communications District, being a political subdivision created by the Tangipahoa Parish Council-President Government, is a creature of the creating entity. It is thus subject to the ordinances creating it, which may be amended from time to time.
The purpose of the Tangipahoa Parish 911 Communications District is spelled out in La. R.S. 33:9102. As to the identification of streets, roads, highways and dwelling places, the relevant portion of the statute reads:
 A. It is the purpose of this Chapter to establish the number 911 as the primary emergency telephone number for use in communications districts created in parishes as herein provided and to provide for the identification of all streets, roads, highways, and dwelling places in such districts which are not otherwise designated by name and number.
As can be seen in the above paragraph, the Communications Commission has authority and is responsible under that particular statute for identifying all streets, roads, highways, and dwelling places within the district not otherwise designated by name and number.
Additionally, the Tangipahoa Parish Council-President Government may exercise that responsibility if it so chooses. La. R.S.33:9106 (D) reads:
 The governing authority of the district may
identify all streets, roads, highways, and dwelling places in the district which are not otherwise designated by name and number in order to carry out the purposes of the district.
Therefore, under Title 33, the Tangipahoa Parish Council-President Government has discretionary authority for identifying streets with no names and numbers. However, the present circumstances involve "one private servitude of passage" which is recognized as a "private roadway".
However, under the Election Code, the Tangipahoa Parish Council-President Government has full authority for naming, renaming, numbering, or renumbering of streets or roads. La. R.S.18:201 (A) reads:
 A. When the governing authority of a parish or municipality renames a street or road, or assigns a name to a previously unnamed street or road, or reassigns numbers of buildings or lots on a street or road, or assigns numbers to previously unnumbered buildings or lots on a street or road, the governing authority shall transmit a certified report of such action to the registrar of voters of the parish in accordance with the provisions of Subsection B of this Section.
The statutes do not specifically confer authority for the naming of private servitudes of passage or private roadways solely on private property and not dedicated to the public. However, in this instance, considering that the debate focuses on public health, safety and welfare, we believe that the law authorizes the naming of the private servitude of passage or private roadway in the interest of the common welfare and pursuant to the police powers of the parish governing authority. Certainly with the consent of the involved private landowner(s) there would be no conflict in the selection, use and designation of a particular name to identify the passageway or roadway for purposes of police protection, fire protection and medical assistance. We therefore recommend that consent or concurrence be obtained from the owners.
Pursuant to La. R.S. 18:201 (D), this office has previously held that ". . . the assignment or reassignments of address numbers are to be made by the municipal or parish governing authority . . . address changes are not made by the postmaster, but by the parish or municipal governing authority." La. A.G. Op. No. 82-568.
In summary, both entities have authority for "naming" streets, roads, etc. . . . The Communications District is responsible to do so under Title 33, and the Tangipahoa Parish Council-President Government has authority to do so under La. R.S. 33:9106 (B), and under Title 18.
The Tangipahoa Parish Council-President Government, as the Parish governing authority, is primarily responsible for "renaming" or "renumbering" streets, roads, etc . . ., but the Tangipahoa parish 911 Communications District may also do so for its own purposes under La. R.S. 33:9102.
Because of the Tangipahoa Parish ordinance restricting 911 municipal addressing for a period of ten (10) years, which ordinance is being adhered to by the Communications District, it appears that there would be a need to achieve waiver of the ordinance to change the name of the private passage or roadway. This restrictive ordinance emphasizes the nature of the relationship between the Parish governing authority and the Communications District, the latter being a creature of the former.
Under the circumstances, we agree with your opinion that as to the parish's public roads, the names are originally set by the Tangipahoa Parish Council-President Government under its general police powers and pursuant to the particular statute cited above. As to the private servitude of passage or private roadway at hand, it is our opinion that either of the two (2) entities may initiate action to effect the name change.
We also agree with your opinion that if the Communications District initiates the name change, it must seek approval from the Parish governing authority for the granting of a variance to the ten (10) year moratorium on the renaming of roadways and for the particular name change.
If the parish governing authority decides to initiates the name change, which it has full authority to do, it can simply waive the ten (10) year moratorium at the same time it recommends the name change, without permission or authority from the Communications District. In either alternative, we recommend that the private landowners be advised in advance and give their consent, although we are not familiar with the details of the private servitude of passage or roadway, where it is located or whom it serves.
We hope this information is of assistance to you and if we may be of further help, please advise us.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ GARY L. KEYSER Assistant Attorney General
RPI/GLK/JMM/bb